THE PEOPLE, RESPONDENT, *v.* ERNEST KOHLE, AP-
PELLANT.

[1] CRIMINAL LAW—PEREMPTORY CHALLENGE.—A prisoner in a criminal prosecution, who has not exhausted his peremptory challenges, has the right to challenge peremptorily one of the jurors, after the twelve jurors are accepted, but before they are sworn,

APPEAL from the Court of Sessions of Yuba County.

[199]      *Kohle was convicted of the murder of Nathaniel Holsclow, and appealed to this Court. He assigned various errors. The only one considered was the refusal of the Court to allow him to challenge one of the jurors, as stated in the opinion.

*Rowe & Dunn,* for Appellant.

Cited 4 Ham. 819; 1 Chitty's Crim. Law, 545; 4 Black. 458; 7 Blackford, 593; 8 Blackford, 194.

*J. B. McConnell,* for Respondent, cited 7 Met. 500.

---

[1] Cited in *People* v. *Rodriguez,* 10 Cal. 59.

Mr. Ch. J. MURRAY delivered the opinion of the Court.
Mr. J. HEYDENFELDT concurred.

On the trial of this case in the Court below, after twelve
jurors had been called and accepted, but not sworn, the
prisoner having ten peremptory challenges, offered, by his
counsel, to challenge one of said jurors, which offer or mo-
tion was refused by the Court, and said jurors so called,
were sworn. Peremptory challenges are given to the pris-
oner in criminal prosecutions to protect him from the undue
influence of public excitements or individual animosity.
The humane provisions of the law are intended to secure a
fair and impartial trial, and Courts, in the administration of
criminal justice, should be careful that no right which the
Constitution or the law gives to the accused, for the pur-
pose of asserting his innocence, or maintaining his defense,
is denied. We are not aware of any system under which it
is absolutely necessary that the right of challenge should be
exercised at any precise point of time, before the jurors are
sworn. The 341st section of the Act Regulating Practice
in Criminal Proceedings, provides that the challenge "must
be taken when the juror appears, and before he is sworn;
but the Court may, for good cause, permit it to be taken
after the juror is sworn, and before the jury is completed."
This does not limit the prisoner, but the whole section,
taken together, shows an evident desire to afford to the
prisoner every opportunity of securing his rights, by a
proper exercise of his privilege of challenge.

It not unfrequently happens, in the progress of
calling and *swearing a jury, that jurors are called     [200]
and accepted, who are unknown to both parties, and
it may be that their incompetency or relations to the parties,
if known at the time, would have been the subject of
objection. In such cases it would amount to a perversion
of justice to deny the right of challenge upon any ground
of formality.

The circumstances moving upon a party on trial for a
criminal offense, cannot be known and ought not to be

exposed. In such cases, the merest trifles may appear, or, in fact, be of importance to him, and no right which the law gives should be refused. We can see no reason why the prisoner in this case should be denied the right, which he undoubtedly had, of exhausting his challenges before the jury was sworn. The law does not desire a conviction at the sacrifice of any shadow of right or principle, and no possible harm can result from an adherence to this rule.

Judgment reversed, and new trial ordered.